O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6672 AHM (CWx) | | Date | March 11, 2009 |
|---|---|---|---|---|
| Title | MARQUIS FINANCIAL SERVICES OF INDIANA, INC., *et al.* v. CENTERSTAGING CORP., *et al.* | | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| S. Eagle | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:         Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

  This case is before the Court on three motions filed by the Defendants: (1) The motion of Defendants Jon Parent, CenterStaging Corp., and Johnny Caswell to dismiss the First Amended Complaint, which is joined by Defendant Paul Schmidman; (2) the motion of Defendants Howard Livingston and Roger Paglia to dismiss the First Amended Complaint; and (2) the motion of Defendants Livingston and Paglia for attorney's fees pursuant to 11 U.S.C. § 362(k). Plaintiffs have not filed an opposition to any of these three motions.

  "The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion." Local Rule 7-12. Moreover, the motions appear to be facially meritorious. Accordingly, the Court **GRANTS** the motion of Defendants Jon Parent, CenterStaging Corp., Johnny Caswell, and Paul Schmidman to dismiss the First Amended Complaint without prejudice.[1] **Plaintiffs may file a Second Amended Complaint against these defendants, but they must do so by March 24, 2009. Failure to timely file a Second Amended Complaint will result in a dismissal with prejudice.** The Court also **GRANTS** the motion of Defendants Howard Livingston and Roger Paglia to dismiss the First Amended Complaint without prejudice,[2] and **GRANTS** their motion for attorney's fees in the

---

  [1]Docket No. 26.

  [2]Docket No. 25. The automatic stay tolls the statutes of limitations that apply to Plaintiffs' claims against Livingston and Paglia. 11 U.S.C. § 108(c).

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6672 AHM (CWx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | MARQUIS FINANCIAL SERVICES OF INDIANA, INC., *et al.* v. CENTERSTAGING CORP., *et al.* | | |

amount of $6,135.[3]

Although the motion for attorney's fees is unopposed, the Court makes the following findings in support of the award of attorney's fees. Plaintiffs filed a Complaint alleging seven causes of action against Livingston and Paglia on October 9, 2008. Livingston and Paglia filed bankruptcy petitions on October 7, 2008 and October 14, 2008, respectively. During a telephone conference in mid-December 2008, Plaintiffs' counsel acknowledged that he was aware of Defendants' pending bankruptcy proceedings. On January 15, 2009, defense counsel provided Plaintiffs' counsel with copies of Defendants' bankruptcy filings. The next day, Defendants notified Plaintiffs that they would seek attorney's fees if they were forced to respond to the claims against them. In response, Plaintiffs' counsel refused to dismiss the claims against the defendants who had filed for bankruptcy. On January 23, 2009, upon the parties' stipulation, the Court ordered that Plaintiffs could file an Amended Complaint by January 26, 2009 at the Civil Intake Window and that the defendants would have until February 17, 2009 to respond. In the parties' stipulation, Defendants Livingston and Paglia stated that the claims against them should be dismissed by Plaintiffs in light of the bankruptcies. On January 26, 2009, Plaintiffs electronically filed a First Amended Complaint, again asserting claims against Livingston and Paglia. The Clerk's Office struck the document as improperly filed and instructed Plaintiffs to re-file the First Amended Complaint at the Civil Intake Window as soon as possible. Plaintiffs did not actually do so until February 20, 2009. Believing that Plaintiffs had timely re-filed the First Amended Complaint, on February 17, 2009 the defendants filed their responsive pleadings to the First Amended Complaint.

The filing of a petition for bankruptcy operates as an automatic stay of the commencement or continuation of any action against a bankrupt debtor or against the property of a bankrupt estate. *United States v. Dos Cabezas Corp.*, 995 F.2d 1486, 1491 (9th Cir. 1993) (citing 11 U.S.C. § 362(a)). The automatic stay tolls "applicable nonbankruptcy law [that] fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor ..." or against the property of the debtor. *Id.* (citing 11 U.S.C. § 108(c) and *In re Hunters Run Ltd.*

---

[3] Docket No. 28.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6672 AHM (CWx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | MARQUIS FINANCIAL SERVICES OF INDIANA, INC., *et al.* v. CENTERSTAGING CORP., *et al.* | | |

*Partnership*, 875 F.2d 1425, 1427 (9th Cir. 1989)).  Actions taken in violation of the stay are void, even where there was no actual notice of the existence of the stay.  *In re Schwartz*, 954 F.2d 569, 571 (9th Cir. 1992).  The claims in this action arise from events in Fall 2006 and March 2008, well before the commencement of Livingston and Paglia's bankruptcy proceedings.  Thus, they are within the scope of the stay.  The Complaint against Livingston was filed after Livingston filed his bankruptcy petition, so it is void.  The First Amended Complaint is void against both Livingston and Paglia.

After Plaintiffs had actual notice of the bankruptcies, they were obligated to, but did not, notify the Court of the automatic stay.  *See* Alan N. Resnick & Henry J. Sommer, COLLIER ON BANKRUPTCY (15th ed., rev. 2008) ¶ 362.03[3] (noting that the nondebtor party has an obligation to notify the court that the action is stayed and to take any other action necsesary to assure that the action does not continue) (citing *Eskano & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1213-14 (9th Cir. 2002) (holding that section 362(a)(1) imposes affirmative duty on creditor to dismiss or stay pending collection against debtor)).  Instead of discontinuing the litigation, Plaintiffs went ahead and filed a First Amended Complaint against Livingston and Paglia.  Plaintiffs have not provided any justification for continuing to proceed against the bankruptcy debtors.  In meet-and-confer correspondence in January 2009, Plaintiffs' counsel relied on *Gerard v. Kennetech Windpower, Inc.*, 1998 WL 166244 (N.D. Cal. Apr. 6, 1998), apparently for the proposition that they did not have to dismiss the claims against the bankruptcy debtors.  *Gerard* does not address the nondebtor party's obligation to dismiss or stay the action, the scope of the automatic stay, or any of the other issues in Defendants' motion to dismiss.  (*Gerard* actually supports imposing sanctions on a party that continues litigation against a bankruptcy debtor if that party knows an automatic stay is in effect.  *Id.* *3.)

Section 362(k) provides for recovery of damages, costs and attorney's fees by an individual damaged by a "willful violation of the stay," which requires a finding that the defendant knew of the automatic stay and that the defendant's actions which violated the stay were intentional.  *In re Taylor*, 884 F.2d 478, 482-83 (9th Cir. 1989).  Good faith reliance on the advice of counsel that they were entitled to proceed against the bankruptcy debtors is no defense to a finding of a willful violation.  *Id.* at 483.  Here, Defendants contend that Plaintiffs' filing of a First Amended Complaint and refusal to recognize the automatic stay forced them to file a responsive pleading to enforce the

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-6672 AHM (CWx) | Date | March 11, 2009 |
|---|---|---|---|
| Title | MARQUIS FINANCIAL SERVICES OF INDIANA, INC., *et al.* v. CENTERSTAGING CORP., *et al.* | | |

automatic stay.  Because the First Amended Complaint was void as to Livingston and Paglia, Defendants were not obligated to file a responsive pleading.  However, due to Plaintiffs' intentional decision to proceed with the litigation against Livingston and Paglia, these defendants were forced to file a motion to bring to the Court's attention that the First Amended Complaint was void against them.  The reason that actions taken in violation of the automatic stay are void, rather than voidable upon objection from the debtor, is that "[t]he Bankruptcy Code does not burden the debtor with a duty to take additional steps to secure the benefit of the automatic stay."  *In re Schwartz*, 954 F.3d at 572.  By their willful violation of the stay Plaintiffs placed that burden on Defendants.  Therefore, the Court holds that Defendants are entitled to recover attorney's fees in the amount of $6,135, which were incurred in the preparation of their motion to dismiss.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

:

Initials of Preparer    se