JS - 6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARQUIS FINANCIAL
SERVICES OF INDIANA, INC., a
Wisconsin Corporation, WALL
STREET AT HOME.COM, INC., a
New York Corporation, and SAMMI
GOLDSTEIN

      Plaintiffs,

v.

CENTERSTAGING CORP., a
Delaware Corporation, JOHNNY
CASWELL, JAN PARENT, and
PAUL SCHMIDMAN

      Defendants.

_____

CASE NO. CV 08-06672-AHM

FINAL JUDGMENT OF
DISMISSAL

For the following reasons and for the reasons set forth in the Court's Orders of
May 11, 2009[1] and June 16, 2009[2], the Court now renders its final judgment in this
action.  The Court ORDERS the complaint in this action be dismissed with prejudice.

Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss a
complaint with prejudice for failure to comply with the Federal Rules or a court order.

---

[1] Docket No. 52.

[2] Docket No. 64.

See Hearns v. San Bernardino Police Department, 530 F.3d 1124, 1129 (9th Cir. 2008).  "In determining whether to dismiss a case for failure to comply with a court order[,] the district court must weigh five factors including: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."[3]  Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (internal quotation marks omitted).  Accord:  Allen v. Bayer Corp., 460 F.3d 1217, 1226 (9th Cir. 2006).  "Although it is preferred, it is not required that the district court make explicit findings in order to show that it has considered these factors."  Ferdik at 1261.

The Ninth Circuit has explained the following considerations in determining whether to dismiss with or without prejudice under Rule 41(b):

> Because dismissal with prejudice is a harsh remedy, our precedent is clear that the district court "should first consider less drastic alternatives."  McHenry, 84 F.3d at 1178.  In weighing possible alternatives against the consequences of dismissal with prejudice, the district court should consider, for example, whether "public policy strongly favor[s] resolution of this dispute on the merits."  Dahl v. City of Huntington Beach, 84 F.3d 363, 366 (9th Cir. 1996).  The court should also consider whether "dismissal [would] severely penalize [ ] plaintiffs . . . for their counsels' bad behavior."  Id. at 366; cf. Al-Torki v. Kaempen, 78 F.3d 1381, 1383-85 (9th Cir. 1996) (affirming dismissal with prejudice when plaintiff's own conduct violated court orders).  Even when the litigant is the one actually responsible for failure to comply with a court's order,

---

[3] "Less drastic alternatives" can include allowing a plaintiff additional time to amend the complaint and warning the plaintiff that failure to obey a court order will result in dismissal. Id. at 1262.  In considering whether less drastic alternatives were used, "it is appropriate that [the district court] consider the strength of the plaintiff's case if such information is available . . ." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996).

which evidence before the court did not show is the situation here, "[t]he sanction of dismissal should be imposed only if the deceptive conduct is willful, in bad faith, or relates to the matters in controversy in such a way as to interfere with the rightful decision of the case." United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986) (citations omitted); see also Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1430 (9th Cir. 1987) (noting that even in light of party's misconduct, district court should generally consider alternatives to dismissal with prejudice). Hearns, 530 F.3d at 1132.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. California Amplifier, 191 F.3d 983, 986 (9th Cir. 1999).  In explaining the Yourish and Ferdik cases, the Ninth Circuit noted that "they both arose when plaintiffs, given the opportunity to amend or be dismissed, did *nothing*." Edwards, 356 F.3d at 1065.  "The failure of the plaintiff eventually to respond to the court's ultimatum -- either by amending the complaint or by indicating to the court that it will not do so -- is properly met with the sanction of a Rule 41(b) dismissal." Id.  Thus, the Ninth Circuit explained, "the Ferdik-Yourish rule . . . require[s] a threatened Rule 12(b)(6) dismissal to ferment into a Rule 41(b) dismissal only upon a plaintiff's *inaction*." Id.  "When the plaintiff timely responds with a formal notice of his intent not to amend, the threatened dismissal merely ripens into a final, appealable judgment." Id.

At least one factor weighs against dismissing this case with prejudice:  the public policy favoring disposition of cases on their merits.  See Ferdik, 963 F.2d at 1260-61.  While procedurally a Rule 41(b) dismissal with prejudice operates as an adjudication on the merits, plaintiffs were not given additional opportunity to litigate the case on the merits.

1    However, the other four factors weigh in favor of dismissing the case with

2    prejudice.  The first is the public's interest in expeditious resolution of litigation.  _See_

3    _Ferdik_, 963 F.2d at 1260-61.  The original complaint was filed in October 2008 and

4    eight months later plaintiffs still failed to file a cognizable complaint.  Second, the

5    court's need to manage its docket weighs in favor of dismissing this case with

6    prejudice.  _See id._  The Court has an overflowing docket and has already twice

7    reviewed the merits of 12(b)(6) motions to dismiss.  The third factor is the risk of

8    prejudice to the defendants.  _See id._  Defendants have twice filed motions to dismiss

9    and were opposed to granting plaintiffs leave to amend to file a TAC.  In the Court's

10   minute order dismissing the case, the Court referenced the prejudice to the defendants.

11   (_See_ Docket No. 64.)

12   Fourth, and most importantly, the absence of less drastic alternatives weighs in

13   favor of dismissing with prejudice.  _See_ _Ferdik_, 963 F.2d at 1260-61.  The Court

14   already warned plaintiffs that failure to timely file amended complaints would result

15   in dismissal with prejudice.  (_See, e.g._, Docket No. 43.); _see also_ _Ferdik_, 963 F.2d at

16   1262.  The SAC did not demonstrate a good faith effort to comply with the PSLRA

17   or Rule 9(b).  The SAC failed to adequately plead falsity, scienter, causation, and

18   control defendant liability.  Plaintiffs' case is too weak to warrant dismissal without

19   prejudice.  While the Court generously granted plaintiffs another attempt to comply

20   with the PSLRA and Rule 9(b), it still remained doubtful that they could meet these

21   demanding pleading requirements.  In addition, according to plaintiffs' attorney,

22   plaintiffs failed to provide him facts to adequately file a TAC.  As such, plaintiffs have

23   failed to show they are acting in good faith.  _See_ _Hearns_, 530 F.3d at 1132.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

4

1    IT IS ORDERED, ADJUDGED, AND DECREED that the complaint in this

2   action is dismissed with prejudice and plaintiffs shall take nothing thereon.

3    The Clerk shall enter this final Judgment forthwith.

4   IT IS SO ORDERED.

5

6   DATE: July 7, 2009

7   **JS-6**                                    A. Howard Matz
                                                United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28